## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BEACHWAVER CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| SALLY BEAUTY SUPPLY LLC, | ) | **JURY TRIAL DEMANDED** |
| ION PROFESSIONAL PRODUCTS, INC.  and | ) | |
| ARCADIA BEAUTY LABS LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, The Beachwaver Co. ("Plaintiff"), by and through the undersigned counsel, files this Complaint for Patent Infringement against Sally Beauty Supply LLC ("Sally"), ION Professional Products, Inc. ("ION"), and Arcadia Beauty Labs LLC ("Arcadia") (collectively "Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeking damages and injunctive and other relief under 35 U.S.C. § 281 *et seq.*  Plaintiff's claims are based on the unauthorized and infringing manufacture, importation, use, sale, and/or offer for sale by Defendants of rotating curling irons.

## THE PARTIES

2.      Plaintiff is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 408 N. Milwaukee Ave., Suite 202, Libertyville, Illinois 60048.

3.      Defendant Sally is a limited liability company organized and existing under the

1

laws of the State of Delaware, having a principal place of business at 3001 Colorado Blvd., Denton, Texas 76210.

4.      Defendant Sally has places of business in this District that sell the accused rotating curling irons.

5.      Defendant ION is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9975 Moya Boulevard, Reno, Nevada 89506.

6.      Defendant Arcadia is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 9975 Moya Boulevard, Reno, Nevada 89506.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement of United States Patent Nos. 9,398,796 ("the '796 patent") and 9,504,301 ("the '301 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendants make, offer for sale, and/or sell infringing products which are the subject of the patent infringement cause of action set forth herein.

10.     Defendants have committed acts of patent infringement, including making, offering for sale, or selling infringing products within this judicial District.

11.     This Court has personal jurisdiction over Defendants.  Defendants do and have done substantial business in this District by selling products in this District, including those that infringe the '796 and '301 patents.  Defendants have committed and continue to commit acts of patent infringement in this District by direct sales and sales through intermediaries.

2

12.     Venue is proper in this Court under 28 U.S.C. § 1400 because Defendants Sally, ION, and Arcadia are incorporated in this District.

## FACTUAL BACKGROUND

13.     On July 26, 2016, the United States Patent and Trademark Office duly and legally issued the '796 patent titled "Hair Styling Device."  A true and correct copy of the '796 patent is attached to this Complaint as Exhibit A.

14.     On November 29, 2016, the United States Patent and Trademark Office duly and legally issued the '301 patent titled "Hair Styling Device."  A true and correct copy of the '301 patent is attached to this Complaint as Exhibit B.

15.     All maintenance fees for the '796 and '301 patents which have come due have been paid and the patent has not expired.

16.     The '796 and '301 patents have not been found invalid by any court or agency.

17.     Plaintiff owns the '796 and '301 patents and holds rights to sue and recover damages for infringement thereof, including past infringement.

18.     Plaintiff currently makes, sells, and distributes rotating curling irons covered by the '796 and '301 patents.  An example rotating curling iron as covered by the '796 and '301 patents is shown below.



19.     Defendants make, use, sell, and/or offer for sale a rotating curling iron ("Accused Product") that infringes one or more claims of the '796 and '301 patents, including, but not limited to the 1" Titanium Auto-Rotating Curling Iron shown below (the "Accused Product").



20.     Web pages showing the Accused Product being offered for sale are attached as Exhibit C.

21.     Defendant ION makes the Accused Product available throughout the United States, including this District, through Defendant ION's website: https://ionathome.com/product/ion-titanium-auto-rotating-curling-iron-sbs-301195/.   Ex. D, pp. 1-3)

22.     Clicking "Contact" or "Contact Us" on Ion's website (https://ionathome.com/contact/) identifies Arcadia Beauty Labs LLC.  Ex. D, p. 4.

23.     Defendant Arcadia develops products for sale on Defendant Sally's website which include the Accused Product.  Ex. D, pp. 5-6.

24.     Defendant Arcadia holds itself out to be a product developer and the contact for ION-branded products.  Therefore, upon information and belief, Defendant Arcadia made, used, and/or distributed the Accused Product.  Ex. D, p. 5.

25.     Defendant Arcadia shares the same physical address as Defendant ION.

26.     Defendant Sally makes available, offers for sale and sells Accused Products at Sally Beauty Supply retail outlets across the United States and online (http://www.sallybeauty.com//ion-curling-iron/SBS-301195,default,pd.html).   Ex. D, p. 7-9. Sally Beauty Supply has established retail locations across the United States, including in this District.

27.     The Accused Product's packaging included an owner's manual and booklet that instructs the owner regarding the proper use and care of the Accused Product.

28.     Defendants' Operating Instructions/Safety Guide included in the packaging of the Accused Product provides the following diagram which shows that it is a hair styling device with a body.

1. Cool Tip
2. Extra-long rotating
   titanium barrel
3. Built-in safety stand
4. Short clamp
5. Bi-directional controls
6. Reset button
7. Temperature LED indicator
8. Digital temperature controls
9. Power button
10. 9 ft swivel cord



29.     The following image of the Accused Product shows that it has a cylinder that extends from the body and includes a clamp.  The clamp is also shown in the diagram in ¶ 30 above.



30.     Defendants' packaging provides the following diagram of the Accused Product, which shows that the cylinder rotates with respect to the body and the clamp is fixed to the cylinder for rotation with the cylinder.



31.     While not explicitly pictured, the nature of a curling iron dictates a heating element.  Defendants' Operating Instructions/Safety Guide included with the Accused Product provides the following information regarding the Accused Product, which describes the temperature setting of the heating element located within the cylinder.

TEMPERTURE SETTINGS

| Hair Type | Temperature Setting |
|---|---|
| Fine, chemically processed or fragile hair | 300˚F |
| Easy-to-curl, normal hair | 350-400˚F |
| Thick, wavy hair | 400-450˚F |

32.     The following image of a dismantled Accused Product shows that it has a rod that is affixed to and rotates with the cylinder; the rod extends into the body and is supported by a bearing within the body.



33.     The following image of a dismantled Accused Product shows that the bearing restrains lateral movement and facilitates rotation of the rod.



34.     The following images of a dismantled Accused Product show that it has a first terminal disc fixed to the cylinder and includes concentric annular electrical contacts.  The image also shows the rod that is affixed to and rotates with the cylinder as described in ¶28.



35.     The following images of a dismantled Accused Product show that it has a second terminal disc that is fixed relative to the body and includes concentric continuous annular electrical contacts.



36.     The following images of a dismantled Accused Product show that the contacts on one of the terminal discs are bent upwardly and contacts on the other terminal disc are flat



annular rings.



37.    The following images of a dismantled Accused Product show that the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the heating element in the cylinder.

 

38.    The following image of a dismantled Accused Product shows that the rotatable rod extends through the centers of both terminal discs and the contacts of both terminal discs circumscribe the rotatable rod.

 

39.    The following image of a dismantled Accused Product shows that it has a motor connected to the rotatable rod to rotate the cylinder.



40.     The following image of a dismantled Accused Product shows that it has a rib extending inwardly into a groove on one of the terminal discs that acts as a thrust bearing to prevent axial movement of a terminal disc.



41.     The following images of a dismantled Accused Product show that the thrust bearing has a channel that receives a tab on the body to restrain the corresponding terminal disc and therefore the rotatable rod and cylinder are restrained with respect to the body.

 

42.     The following image of a dismantled Accused Product shows that one of the

terminal discs has an outer diameter that fits within an inner diameter of the other terminal discs, thereby shielding the contacts between the terminal discs and acting as a mechanism to align the terminal discs.



43.     The following image of a dismantled Accused Product shows the terminal discs located between the bearing and the cylinder.



44.     The following image of a dismantled Accused Product shows a thrust bearing affixed to the rotatable rod to prevent axial movement of the rotatable rod.



45.     Defendants were made aware of the infringement of the '796 and '301 patents at least as early as the filing of this Complaint.

46.     Defendants have not offered to buy or license the '796 or '301 patents from Plaintiff.

## COUNT 1: DIRECT INFRINGEMENT OF THE '796 PATENT

47.     Paragraphs 1 through 46 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

48.     For reference, claim 1 of the '796 patent (as corrected) generally covers a hair styling device with a body; a cylinder extending from the body, the cylinder is rotatable relative to the body and includes a clamp adapted for holding hair, the clamp is fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder, a rotatable rod is affixed to and rotatable with the cylinder relative to the body, the rotatable rod extends into the body and is supported by a bearing within the body that restrains lateral movement of the rotatable rod and facilitates rotation of the rotatable rod; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric

continuous annular electrical contacts, the contacts on one of the terminal discs are bent upwardly and the contacts on other the terminal disc are flat annular rings, the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the heating element in the cylinder, the rotatable rod extends through centers of both the terminal discs and the contacts of both the terminal discs circumscribe the rotatable rod; and a motor is connected to the rotatable rod to rotate the cylinder.

49.     The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '796 patent.

50.     Defendants, without authorization from Plaintiff, have directly infringed and continue to infringe at least one claim of the '796 patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

51.     Defendants' use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

52.     Defendants, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior and have made, offered for sale, or sold the infringing Accused Product after knowing of the '796 patent.

## COUNT 2: INFRINGEMENT OF THE '301 PATENT

53.     Paragraphs 1 through 52 of Plaintiff's Complaint are incorporated into Count 2 as if fully set forth herein.

54.     The '301 patent has two independent claims, claim 1 and claim 9, with a total of 10 claims.

55.     For reference, claim 1 of the '301 patent generally covers a hair styling device having a body; a cylinder extending from the body, the cylinder is rotatable relative to the body and includes a clamp adapted for holding hair, the clamp is fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder; a rotatable rod is affixed to and rotates with the cylinder relative to the body, the rotatable rod extends into the body and is supported by a bearing within the body that restrains lateral movement of the rotatable rod and facilitates rotation of the rotatable rod; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric continuous annular electrical contacts; one of the annular electrical contacts on one of the terminal discs is bent upwardly and another of the annular electrical contacts on other the terminal disc is a flat annular ring, the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts, the rotatable rod extends through centers of both the terminal discs, and the contacts of both the terminal discs circumscribe the rotatable rod; and a motor is connected to the rotatable rod to rotate the cylinder.

56.     For reference, claim 9 of the '301 patent generally covers a hair styling device comprising: a body; a cylinder extends from and rotates relative to the body, the cylinder includes a clamp adapted for holding hair, the clamp fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder, the cylinder is supported by a bearing within the body that restrains lateral movement of the cylinder and facilitates rotation of the cylinder; a rotatable shaft is rotatable with the cylinder relative to the body; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical

contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric continuous annular electrical contacts; one of the annular electrical contacts on one of the terminal discs is bent away from the one terminal disc and toward another of the terminal discs, one of the electrical contacts on the other terminal disc is a flat annular ring, the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the cylinder, the shaft extends through the first terminal disc; and a motor is connected through the shaft to impart rotation of the cylinder.

57. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '301 patent.

58. Defendants, without authorization by Plaintiff, have directly infringed and continue to infringe at least one claim of the '301 patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

59. Defendants' use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

60. Defendants, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior and has made, offered for sale, or sold the infringing Accused Product after knowing of the '301 patent.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and grant the following relief:

a) declaring Defendants have infringed the '796 and '301 patents;

b) an order permanently enjoining Defendants and all persons and entities acting in concert with Defendants, from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the '796 and '301 patents;

c) declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

d) an award of damages adequate to compensate it for Defendants' infringement of the '796 and '301 patents including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

e) awarding all costs and expenses of this action, including reasonable attorneys' fees; and

f) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: August 30, 2017          STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Garrick T. Lankford
Michael D. Marston
Botkin & Hall, LLP
Suite 400, Jefferson Centre
105 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
glankford@bhlawyers.net
mmarston@bhlawyers.net

*Attorneys for Plaintiff*